ERNEST ELLIS v. THE STATE.

No. 8895.   Delivered May. 27, 1925.

Rehearing Denied October 14, 1925.

**Selling Intoxicating Liquor—Companion Case.**

This is a companion case to cause No. 8894 against appellant, in which the same propositions were decided adversely to appellant, as are here presented in the instant case. See Ellis v. State, No. 8894 delivered of even date herewith.

Appeal from the District Court of Jefferson county. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction of selling intoxicating liquor; penalty, one year in the State penitentiary.

*O'Fiel, Weidmann & Reagan,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Jefferson county for unlawfully selling intoxicating liquor, and his punishment assessed at confinement in the penitentiary for a term of one year.

There are but two bills of exception in the record; the first complains of irregularities in filling the jury wheel in Jefferson county. Under the authority of the case of McNeal v. State, decided by this court May 20, 1925, we overrule appellant's first assignment.

By bill of exception No. 2, appellant complains that certain members of the jury were purposely not summoned by the sheriff, and also complains that other irregularities occurred in the summoning of the jurors who tried the case. The court attempted to qualify this bill and defendant refused to accept the bill as qualified and asked the court to prepare a proper bill of his own, and this the court refused to do. Under these conditions we have considered the bill as prepared and presented by appellant. Appellant's chief com-

plaint is that various names that were on the list of the jury were not summoned by the sheriff and seeks to show that the sheriff purposely refused to summon these men. We have carefully gone into the facts presented on this matter and are unable to agree with appellant that any reversible error is shown in this matter. The bill fails to show that appellant was forced to accept any juror who was undesirable to him, and in fact fails to show that he exhausted all of his peremptory challenges. The bill is equally silent as to appellant having suffered any injury by reason of the irregularities complained of, and as above stated it can hardly be said to be sufficient to show that the officer purposely refused to summon any member that was on the list of jurors. Under these conditions, we cannot do otherwise than overrule appellant's contention in regard to this matter.

The court gave a correct charge in the case, confining the jury to a consideration of the count of the indictment charging a sale to Davis, the prosecuting witness, and appellant's objections to the charge are wholly without merit. There was but the single question involved in the case, as to whether appellant did or did not sell the liquor to the witness Davis, at the time charged in the indictment and this question was fairly submitted in the court's main charge.

What has just been said disposes of appellant's complaint at the court's refusal to give his special charges. In every instance where these special charges state the law applicable to the case, it was covered by the court's main charge to the jury.

We have carefully considered the case and find no error was committed in the trial thereof, and it is therefore our opinion that the same should be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The motion for rehearing raises the same questions that were passed on in the original opinion which, in the judgment of the writer, were correctly decided therein. A further discussion of them is deemed unnecessary.

The motion is overruled.

*Overruled.*